# **Exhibit 1**

Complaint

***Petition for Removal by Defendant***

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-04955-S3
7/17/2023 4:33 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ELIZABETH BABB,<br><br>Plaintiff,<br>v.<br><br>COSTCO WHOLESALE CORPORATION; ABC CORPS #1-3; AND JOHN DOES #1-3,<br><br>Defendant. | CIVIL ACTION FILE NO.: 23-C-04955-S3<br><br>JURY TRIAL DEMANDED |

**<u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>**

COMES NOW Plaintiff, ELIZABETH BABB, by and through the undersigned counsel pursuant to O.C.G.A. § 9-2-61 and § 9-11-41 and files this Complaint in this renewal action in the above-reference case stating the following:

<u>PARTIES, JURISDICTION AND VENUE</u>

1.

Plaintiff is a Georgia Resident.

2.

Defendant COSTCO WHOLESALE CORPORATION ("Defendant Costco") is a foreign profit corporation, with a registered agent for service of process, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046 in Gwinnett County. Service of process can be perfected upon Defendant at that address.

3.

Pursuant to Article VU, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because Defendant Costco maintains its registered office in Gwinnett County.

4.

Defendant ABC Corporations #1-3 are entities, whose identities and whereabouts are currently unknown, who either owned, managed, operated, maintained, and/or were responsible for the maintenance of and the preservation of evidence of the premises. Defendants are subject to the jurisdiction and venue of this Court and will be served with Summons and Complaint once their respective identities are revealed.

5.

Defendant JOHN DOE #1 is the unidentified manager on duty of Defendant Costco's business establishment at the time of the alleged incident at issue in this case. Defendant John Doe #1 had the authority and right to control the mode and manner of operations of the business located at 113 Lincoln Street, Woodstock, Georgia 30188 on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant John Doe #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. When Defendant John Doe #1 is identified, Plaintiff will timely amend her pleading and cause a Summons and complaint to be properly served.

6.

Defendants JOHN DOES #1-2 are unidentified individuals who are potential, third-party tortfeasors. Defendants John Does #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant Costco's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants John Does #2-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

FACTS COMMON TO COUNTS I & II

7.

At all material times, Defendants owned, managed, operated or otherwise provided services for a retail store located at 113 Lincoln Street, Woodstock, Georgia 30188, called Costco Wholesale (the "Premises").

8.

On or about May 18, 2020, Plaintiff was lawfully in the Premises, to purchase goods, when Plaintiff slipped and fell which caused Plaintiff to be injured (the "Incident").

9.

Defendants negligently caused Plaintiff's injuries.

10.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

11.

As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; loss of capacity for the enjoyment of life; and lost ability to work; and other economic damages including, without limitation, lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

12.

As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

COUNT I - ACTIVE NEGLIGENCE

13.

Plaintiff repeats and realleges paragraphs 1 through 12 above, verbatim.

14.

At all material times, Defendants controlled the mode, manner, and means by which they operated the Costco Wholesale store. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

15.

Defendants' chosen mode and manner of operation of the Costco Wholesale store required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

16.

Defendants owed its customers a duty to use ordinary case to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Costco Wholesale store.

17.

Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of the Costco Wholesale store.

18.

Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

19.

While operating the Costco Wholesale store, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks from harm in one or more of the following ways:

a. Defendants failed to maintain a safety protocol to protect customers from the foreseeable risks of injuries caused by a slip and fall;

b. Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip and fall;

c. Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

d. Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

e. Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

f. Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from defendants' chosen mode, manner, and means of operating its business.

20.

Defendants' failure to exercise reasonable care in their operations of the Costco Wholesale store caused a substance to be on the floor which created a fall risk and caused Plaintiff's fall and resulting injuries.

21.

Defendants' negligent operation of the Costco Wholesale store directly and proximately caused Plaintiff's injuries.

22.

Defendant Costco is vicariously liable for the negligent acts and omissions of their employee, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendant Costco's business. Defendant

Costco's employees, contractors, agents and representatives include, but are not limited to Defendants John Doe #1-3.

COUNTY II – PREMISES LIABILTY

23.

Plaintiff repeats and realleges paragraphs 1 through 22 above, verbatim.

24.

At all material times, Defendant Costco owned, occupied and was otherwise in possession and control of the Premises.

25.

At all material times, Defendant Costco owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

26.

Defendants' duty of care included:

a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip hazard or risk;
b. Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip hazard or risk; and
c. Adequately warning invitees about specific hazards on the Premises, including slip hazards on the floor, to enable invitees to avoid harm.

27.

At all material times, Plaintiff was Defendant Costco's invitee.

28.

On the date of incident, Plaintiff slipped on a foreign substance on the floor of the Premises.

29.

The foreign substance that caused Plaintiff to slip and fall was on the floor of the Premises for the sufficient length of time that defendants knew, or in the exercise of reasonable care should have known, about the substance on the floor; removed the hazard; and/or warned invitees of the dangerous condition the substance created.

30.

Because Defendant Costco had notice of the foreign substance on the floor and controlled the condition of the Premises, Defendant and their employees, contractors, agents and representatives had a duty to remove the foreign substance from the Premises floor which posed an unreasonable risk of harm to the safety of customers/invitees including Plaintiff; or to warn them of the hazard.

31.

Defendants breached their duty to Plaintiff when they negligently failed to remove the foreign substance from the Premises floor which posed an unreasonable risk of harm to the safety of customers/invitees including Plaintiff; or to warn them of the specific hazard.

32.

As a direct and proximate result of Defendants' negligent failure to remove, remedy or warn Plaintiff about a known hazard, Plaintiff slipped on the foreign substance and was injured.

33.

As a direct and proximate result of Defendants' negligent failure to keep the Premises safe or warn invitees about the hazardous condition created by the foreign substance on the floor of the Premises, Plaintiff slipped on the foreign substance and was injured.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;
b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;
c. That Plaintiff be granted a trial by jury of twelve persons for all issues so triable;
d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;
e. That Plaintiff recover general and special damages in amounts to be proved at trial; and
f. That this Honorable Court order such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of July, 2023.

MORGAN & MORGAN ATLANTA, PLLC

Cody M. Allen

Cody M. Allen
Georgia Bar No.: 998818

408 12th Street, Suite 200
Columbus, Georgia 31901
T: (762) 240-9459
callen@forthepeople.com